**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CHEROKEE GRAY EAGLE IP, LLC and REBOUNDERZ FRANCHISE AND DEVELOPMENT, INC.,**

**Plaintiffs,**

**vs.**

**ROCKIN' JUMP, LLC AND SEVEN STARS ON THE HUDSON CORP.,**

**Defendants.**

**Case No. ________________**

**INJUNCTIVE RELIEF REQUESTED**
**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiffs Cherokee Gray Eagle IP, LLC and Rebounderz Franchise and Development, Inc., (collectively, "Plaintiffs"), through their undersigned counsel, for their complaint against Defendants Rockin' Jump, LLC and Seven Stars on the Hudson Corp., (collectively, "Defendants"), state:

## PARTIES, JURISDICTION AND VENUE

**a. Plaintiffs**

1. Plaintiff Cherokee Gray Eagle IP, LLC ("Cherokee Gray Eagle") is a Florida limited liability company having a place of business at 605 Hickman Circle, Sanford, Florida 32771.

2. Plaintiff Rebounderz Franchise and Development, Inc. ("Rebounderz") is a Florida corporation having a place of business at 605 Hickman Circle, Sanford, Florida 32771.

3. Upon information and belief Defendant Rockin' Jump, LLC is a California limited liability company, having a registered office address at 5502 Sunol Boulevard, Pleasanton, California 94566.

4. Upon information and belief Defendant Seven Stars on the Hudson Corp. ("Seven Stars") is a Florida corporation having a principal address of 2108 NE 63 Street, Fort Lauderdale, Florida 33308, and operating a trampoline arena facility at 5300 Powerline Road, Fort Lauderdale, Florida 33309.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has *in personam* jurisdiction as to Defendants because, upon information and belief, Defendants are subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendants regularly conduct business activity in the State of Florida, and sell, offer to sell, and use products that infringe one or more claims of Rebounderz's patents in the State of Florida.

7. Venue properly lies within this judicial district and division pursuant to 28 U.S.C. §§1391(c) and 1400(b).

**STATEMENT OF FACTS – ASSERTED PATENT**

8. Rebounderz is a leading developer and franchisor in the indoor trampoline arena industry.

9. Cherokee Gray Eagle is the sole and exclusive owner of the following valid and enforceable United States Patent No. 8,764,575 ("'575 Patent"). A true and correct copy of the '575 Patent is attached hereto as Exhibit A.

10. Cherokee Gray Eagle has licensed the '575 Patent to Rebounderz.

11. Mark Gurley, inventor of the '575 Patent, is recognized as an innovator in the trampoline arena industry. Mr. Gurley has invented many improvements for the trampoline arena industry, including innovations covering the structure of trampoline arenas and for improving the safety of trampoline arenas.

12. The '575 Patent claims some of Mr. Gurley's inventions in the field. Mr. Gurley has assigned all of his rights to the inventions claimed in the '575 Patent to Cherokee Gray Eagle.

## STATEMENT OF FACTS – DEFENDANTS

13. Seven Stars owns and operates a trampoline arena in the Fort Lauderdale area.

14. Seven Stars is a franchisee of Rockin' Jump.

15. Rockin' Jump Co-Founder Marc Collopy stated in an interview that "the business model is very simple: we help you out through every step of the way . . . we help you find the location . . . everything, all the way through training you, doing the operations, not only do you come out to California for training, we go out to your park when you're open." (*See*, https://youtu.be/hYUOCCDs3kw).

16. Rockin' Jump advertises that it supports its franchisees, such as Seven Stars, by assisting "in designing [their] park, choosing the right construction crew and getting [their] park built." (*See*, https://rockinjump.com/trampoline-park-franchise-investor-opportunities/rockin-opportunity/)

17. After opening franchisees Rockin' Jump continues to help franchisees by at least providing: (1) guidance with ongoing operational procedures; (2) special discount vendor programs; (3) administrative support services with human resource and training materials; (4) information systems for POS and operations reporting; (5) ongoing R&D, marketing and brand

updates plus performance improvement programs; and (6) availability for operations review and P&L analysis. (*Id.*).

**STATEMENT OF FACTS – INFRINGEMENT**

18. Defendants have manufactured, offered for sale, used, offered services that use, and allowed access to trampoline arenas that directly or indirectly infringe upon one or more claims of the ‘575 Patent in the United States and in this judicial district. The below images show Seven Stars’ trampoline arenas infringing at least Claim 1 of the ‘575 Patent:

<table>
<tr><th>Claim 1 of the ‘575 Patent</th><th>Infringing Trampoline Arena</th></tr>
<tr><td>A trampoline arena comprising:<br><br>a plurality of side frames defining an outwardly sloping outer wall, each of the plurality of side frames including:<br><br>a rigid first upright member having a top first upright member portion and a bottom first upright member portion mountable to a floor; and<br><br>a rigid angled member connected at an upper angled member portion to the top first upright member portion and extending at a downward angle therefrom to a lower angled member portion, a plurality of voids being defined between the plurality of angled members;<br><br>a horizontally-extending deck connected to the second angled member portions of the plurality of side frames;<br><br>a plurality of trampolines connected to the angled members along peripheries thereof and extending across the plurality of voids; and<br><br>a padding assembly including a plurality of pads at least partially overlying the angled members and the peripheries of the trampolines.</td><td>







</td></tr>
</table>

19. Defendants advertise on their website for customers to come use the infringing trampoline arenas.

20. Plaintiffs put Defendants on notice of its infringement of one or more of the claims of both the ‘575 Patent at least as early as 2012. Mr. Gurley communicated to several Defendants at the April 2012 ATSM meeting that he had filed a patent application, and in March

of 2014 he told them the ‘575 Patent had issued. Furthermore, Rebounderz has marked its trampoline arenas as patent-pending or patent-protected in a similar manner as displayed below since 2012:




21. Rebounderz has not granted Defendants a license to practice the ‘575 Patent.

**COUNT I**
**<u>Action for Direct Infringement of the ‘575 Patent by Defendants</u>**

22. Count I is an action by Plaintiffs against Defendants for monetary damages and injunctive relief for Defendants’ direct infringement of the ‘575 Patent.

23. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21.

24. Defendants have directly infringed at least claims 2, 3, 7, 8 and 10–15 of the ‘575 Patent. (Exhibit B, Infringement Chart)

25. Defendants have made, offered for sale and sold, and/or used trampoline arenas, including but not limited to trampolines at their facility located in the Fort Lauderdale area which directly infringes one or more claims of the ‘575 Patent.

26. Plaintiffs are entitled to compensatory damages and injunctive relief for Defendants’ infringing activities.

27. Plaintiffs put Defendants on notice of its infringement of one or more of the claims of both the ‘575 Patent at least as early as 2012.

28. Defendants have continued to make, offer for sale and sell, and/or use trampoline arenas that infringe the ‘575 Patent after being put on notice in 2012.

29. Plaintiffs have suffered damages as a result of Defendants’ infringement.

30. Upon information and belief, Defendants lack a justifiable belief that there is no infringement, or that the infringed claims are invalid, or they have acted with objective and subjective recklessness in their infringing activity. Defendants’ infringement is therefore willful, and this is an exceptional case entitling Plaintiff to an award of exemplary damages, attorneys’ fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. A finding that the ‘575 Patent is valid and enforceable and that Defendants have directly infringed of the ‘575 Patent.

B. A permanent injunction enjoining Defendants from infringing the ‘575 Patent;

C. An award of damages against Defendants’ under 35 U.S.C. §284 in an amount adequate to compensate Plaintiffs for Defendants’ infringement, but in no event less than a reasonable royalty for the use made by Defendants of the inventions set forth in the ‘575 Patent;

D. An award against Defendants for treble damages, attorneys’ fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

**COUNT II**
**Action for Induced Infringement of the ‘575 Patent by Seven Stars**

31. Count II is an action by Plaintiffs against Seven Stars for monetary damages and injunctive relief for Seven Stars’ induced infringement of the ‘575 Patent.

32. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21.

33. Through use of Seven Stars' trampoline arena, Seven Stars' customers have directly infringed at least claims 2, 3, 7, 8, and 10–15 of the '575 Patent by using Seven Stars' infringing trampoline arenas. (Exhibit B, Infringement Chart)

34. Plaintiffs put Seven Stars on notice of its infringement of one or more of the claims of the '575 Patent at least as early as 2012, yet Seven Stars continues to operate its infringing trampoline arena and offer its services, including use of the infringing trampoline arenas, to customers.

35. Seven Stars knew, or was willfully blind to, the existence of the '575 Patent and that the acts they induced constitute infringement by their customers.

36. With knowledge of, or a willful blindness to, the patents, the Seven Stars encouraged its customers to infringe the '575 Patent in exchange for fees charged by Seven Stars for admission and ancillary activities and services.

37. Plaintiffs are entitled to compensatory damages and injunctive relief for the Seven Stars infringing activities.

38. Plaintiffs have suffered damages as a result of the Seven Stars induced infringement.

39. Upon information and belief, the Seven Stars lacks a justifiable belief that there is no infringement, or that the infringed claims are invalid, or they have acted with objective and subjective recklessness in their infringing activity. Seven Stars' infringement is therefore willful, and this is an exceptional case entitling Plaintiffs to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. A finding that the ‘575 Patent is valid and enforceable and that Flying Squirrel have induced infringement of the ‘575 Patent.

B. A permanent injunction enjoining Seven Stars from inducing infringement of the ‘575 Patent;

C. An award of damages against Seven Stars under 35 U.S.C. § 284 in an amount adequate to compensate Plaintiffs for Seven Stars’ infringement, but in no event less than a reasonable royalty for the use made by Seven Stars of the inventions set forth in the ‘575 Patent;

D. An award against Seven Stars for treble damages, attorneys’ fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

## COUNT III
## Action for Induced Infringement of the ‘575 Patent by Rockin’ Jump

40. Count III is an action by Plaintiffs against Rockin’ Jump for monetary damages and injunctive relief for Rockin’ Jump’s induced infringement of the ‘575 Patent.

41. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21.

42. Plaintiffs put Rockin’ Jump on notice of its infringement of one or more of the claims of both the ‘575 Patent at least as early as 2012, yet Rockin’ Jump continues to license and franchise infringing trampoline arenas and offer its services.

43. Rockin’ Jump knew, or was willfully blind to, the existence of the ‘575 Patent and that the acts it induced constitute infringement by the Seven Stars as described in Count I.

44. With knowledge of, or a willful blindness to, the patents, Rockin’ Jump encouraged Seven Stars to infringe the ‘575 Patent.

45. Plaintiffs are entitled to compensatory damages and injunctive relief for Rockin' Jump's infringing activities.

46. Plaintiffs have suffered damages as a result of Rockin' Jump inducing infringement.

47. Upon information and belief, Rockin' Jump lacks a justifiable belief that there is no infringement, or that the infringed claims are invalid, or they have acted with objective and subjective recklessness in their infringing activity. Rockin' Jump's infringement is therefore willful, and this is an exceptional case entitling Plaintiffs to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. A finding that the '575 Patent is valid and enforceable and that Defendants have induced infringement of the '575 Patent.

B. A permanent injunction enjoining Rockin' Jump from inducing infringement of the '575 Patent;

C. An award of damages against Rockin' Jump under 35 U.S.C. § 284 in an amount adequate to compensate Plaintiffs for Rockin' Jump's infringement, but in no event less than a reasonable royalty for the use made by Rockin' Jump of the inventions set forth in the '575 Patent;

D. An award against Rockin' Jump for treble damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiffs request a trial by jury as to all matters so triable.

Respectfully submitted March 8, 2018.

/s/ Ryan T. Santurri
Ava K. Doppelt
Florida Bar No.: 393738
adoppelt@allendyer.com
Ryan T. Santurri
Florida Bar No. 15698
rsanturri@allendyer.com
Brock A. Hankins
Florida Bar No. 112531
bhankins@allendyer.com
**ALLEN, DYER, DOPPELT**
**& GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiffs**
**Cherokee Gray Eagle IP, LLC and**
**Rebounderz Franchise and**
**Development, Inc.**