IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-CV-60502-BLOOM/Valle

CHEROKEE GRAY EAGLE IP, LLC and
REBOUNDERZ FRANCHISE AND
DEVELOPMENT, INC.,

    Plaintiffs,

vs.

ROCKIN' JUMP, LLC and SEVEN
STARS ON THE HUDSON CORP.,

    Defendants.
_____/

**MOTION TO RE-OPEN UPON RESOLUTION OF**
***INTER PARTES* REVIEW AND AMEND SCHEDULING ORDER**

Pursuant to the Court's order of November 21, 2018, (Dkt. 51 - "Any party may move to re-open this case upon resolution of Defendants' petition for *inter partes* review."), Plaintiffs Cherokee Gray Eagle IP, LLC and Rebounderz Franchise and Development, Inc. ("Plaintiffs"), hereby file this Motion to Reopen Upon Resolution of *Inter Partes* Review and Amend Scheduling Order. On May 21, 2019, the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office issued its Decision Denying Institution of *Inter Partes* Review of U.S. Patent No. 8.764,575, the only patent asserted in this litigation. *See* **Exhibit A** at p. 2 ("Upon consideration of the Petition and the Preliminary Response, we conclude the information presented does not show a reasonable likelihood that Petitioners would prevail in showing the unpatentability of any of claims 1-19 of the '575 patent challenged by Petitioners."). The PTAB's decision that Defendants failed to demonstrate a reasonable likelihood that any claim

of the '575 Patent is invalid, and denying *inter partes* review, is final. 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."); *see also Cuozzo Speed Techs., LLC v. Lee,* 136 S. Ct. 2131, 2142 (2016) ("[W]here a [party] merely challenges the Patent Office's 'determin[ation] that the information presented in the petition ... shows that there is a reasonable likelihood' of success 'with respect to at least 1 of the claims challenged,' § 314(a), . . . § 314(d) bars judicial review."). In any event, 30 days have passed since the non-institution decision, and the Defendants have confirmed that they will not challenge the PTAB's non-institution decision.

Plaintiffs have been conferring with Defendants regarding a revised proposed schedule for the case since soon after the PTAB's non-institution decision. Defendants have proposed that the stay be continued indefinitely without reopening the case until after a potential mediation, which Defendants claim they cannot participate in until mid-to-late August. The parties agreed, however, to "stay[] all deadlines **until the USPTO's final resolution of the IPR petition**." Dkt. 49, at p. 3 (emphasis added); *see also id.* at p. 4 ("[T]he Parties respectfully request that the Court grant the Parties' Joint Motion and stay this litigation pending the resolution of Defendants' IPR petition."). The parties also initially proposed to submit a joint status report within 30 days of the PTO's denial to institute *inter partes* review . . . ." Dkt. 49-1.

Plaintiffs request that this Court lift the stay in this case. "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Here, the PTAB's review of the '575 Patent is concluded and final. Institution was denied based on the PTAB's conclusion that the Defendants did "not show a reasonable likelihood that Petitioners would prevail in showing the unpatentability of any of claims 1-19 of the '575 patent challenged

by Petitioners." **Exhibit A** at p. 2. The circumstances that originally supported the stay – the pendency of the Defendants' *inter partes* review Petition – no longer exist.

Plaintiffs also respectfully request that the Court enter a scheduling order that conforms to the following proposed schedule. This schedule was provided to Defendants for review on June 6, 2019. It adds seven months to the previously scheduled Case Management deadlines (Dkt. 26), with some dates adjusted to avoid falling on weekends. This proposed schedule approximately corresponds to the six-month pendency of the IPR Petition, plus an additional month since the PTAB's non-institution decision.

| Deadline or Event | Previous Date | Proposed Date |
| --- | --- | --- |
| Parties disclose experts and exchange expert witness summaries or reports | June 19, 2019 | January 20, 2020 |
| Parties exchange rebuttal expert witness summaries or reports | July 3, 2019 | February 3, 2020 |
| All discovery, including expert discovery, is completed | July 17, 2019 | February 17, 2020 |
| Parties must have completed mediation and filed a mediation report | July 31, 2019 | February 28, 2020 |
| All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed | August 8, 2019 | March 9, 2020 |
| Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motion *in limine* (other than *Daubert* motions) | October 29, 2019 | May 29, 2020 |
| Calendar Call | November 6, 2019 | As set by Court |
| Trial | November 12, 2019 | As set by Court |

For the above reasons, Plaintiffs respectfully request that the Court re-open this case and set a schedule for the re-opened action in conformity with Plaintiffs' proposal. A proposed order is attached hereto.

Dated: June 21, 2019.

Respectfully Submitted:

By: /s/ Kabir A. Lalchandani, Esq.
Kabir A. Lalchandani, Esq.
Florida Bar No.: 63966
Email: kubs@lslawpl.com
James M. Slater, Esq.
Florida Bar No.: 111779
Email: james@lslawpl.com
LALCHANDANI SIMON PL
25 Southeast Second Ave, Suite 1020
Miami, Florida 33131
Tel.: (305) 999-5291
Fax: (305) 671-9282

James F. Haley, Jr. (*admitted pro hac vice*)
Email: james.haley@hglaw.com
HALEY GUILIANO LLP
75 Broad Street, Suite 1000
New York, NY 10004
T: 646-973-2502 / F: 646-219-6229

Gregory J. Lundell  (*admitted pro hac vice*)
Email: greg.lundell@hglaw.com
Joshua Van Hoven (*admitted pro hac vice*)
Email: joshua.vanhoven@hglaw.com
HALEY GUILIANO LLP
111 Market St, Suite 900
San Jose, CA 95113
T: 669-213-1050 / F: 669-500-7375

*Attorneys for Plaintiffs*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the counsel for Plaintiffs has conferred in a good faith effort to resolve the issues raised herein with counsel for Defendants. Counsel for Defendants opposes the relief requested herein.

By: /s/ Kabir A. Lalchandani, Esq.
Kabir A. Lalchandani, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing document with the Clerk of Court via CM/ECF, which will send a Notice of Electronic Filing to the parties listed on the Service List below.

By: /s/ Kabir A. Lalchandani, Esq.
Kabir A. Lalchandani, Esq.

## SERVICE LIST

Audrey M. Pumariega, Esq.
McDermott Will & Emery LLP
333 S.E. 2nd Avenue, Suite 4500
Miami, FL 33131-2184
apumariega@mwe.com

Michael P. Chu
mchu@mwe.com
Brian A. Jones
bajones@mwe.com
McDermott Will & Emery LLP
444 W. Lake St., Suite 400
Chicago, IL 60606

Jodi Benassi, Esq.
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
jbenassi@mwe.com